## STATE v. RUDOLPH MERRIAM OLSON.[1]

May 29, 1924.

No. 23,941.

**New trial granted because of argumentative charge in arson case.**

In this, a criminal action, the charge given to the jury, considered and *held* to have gone beyond the proper limit, in an effort to assist the jury in arriving at a verdict, and for that reason may have tended to coerce the minority of the jury.

Defendant was indicted by the grand jury of St. Louis county charged with the crime of arson in the second degree, tried in the district court for that county before Cant, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Nelson & Cedergren* and *Albert Schaller*, for appellant.

*Clifford L. Hilton*, Attorney General, *Mason M. Forbes*, County Attorney, and *Warren E. Greene*, for respondent.

QUINN, J.

The defendant was indicted in January, 1922, by the grand jury of St. Louis county, charged with the crime of arson. There were two trials, in each of which the jury disagreed. The case again came on for trial in December, 1922. It was submitted to the jury on December 22 and a verdict of guilty was returned in the forenoon of December 25, 1922. From an order denying his motion for a new trial, based upon a settled case and certain affidavits, the defendant appealed.

The trial consumed a long period of time. The record before this court consists of over 1100 pages of printed matter. The only question of importance urged upon this appeal relates to alleged errors in the charge of the trial court, the effect of which was to coerce the jury into rendering a verdict. The jury retired at 6 o'clock p. m. on Friday, December 22. It came into court at 3:30

[1]Reported in 199 N. W. 1.

the following day for further instructions, and again at 4 o'clock on the following day. Their verdict was returned at 11:45 on December 25. The charge of the court consists of 46 pages of solid printed matter. The jury was out 66 hours. There was but one question at issue and that was whether the defendant intentionally caused the fire. He admits that he was connected with its origin. He claims that, during his temporary absence, his still exploded causing the fire. The supplementary charges to jury were so argumentative as to prejudice the rights of the defendant. The jury being divided, the charge tended to coerce the minority. For this reason defendant is entitled to a new trial. A discussion of the charge as given would be of no avail. The main charge was full, complete and fair. The jury evidently labored strenuously and faithfully. In the opinion of a minority of this court, to which the writer dissents, the trial court went beyond the proper limit in its effort to assist the jury in arriving at a verdict.

Reversed.


STONE, J. (dissenting.)
I dissent.